UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYECHECK, INC., | No. 2:14-cv-02399-JAM-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYNG IN PART DEFENDANTS' MOTION TO DISMISS** |
| ZIPMARK, INC., JAY BHATTACHARYA, | |
| Defendants. | |

Plaintiff MyECheck alleges that Defendants Zipmark, Inc. and Jay Bhattacharya breached a licensing agreement and continued to use licensed technology without authorization.  In this motion to dismiss, Defendants attack the sufficiency of the complaint's allegations.  For the reasons stated below, the Court grants in part and denies in part Defendants' motion.[1]

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff owns a patented technology that "makes an electronic image of [a] payor's check, and processes it with the

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 11, 2015.

1

1  Federal Reserve Banking System." Compl. ¶ 15.  Plaintiff
2  licensed this technology to Defendant Zipmark.  Compl. ¶¶ 28, 30.
3  Zipmark agreed to pay for this license in two installments: one
4  of $50,000 and one of $35,000.  Compl. ¶ 31.  Plaintiff alleges
5  that Zipmark paid the first installment but failed to pay the
6  second.  Compl. ¶¶ 33-35.
7       Plaintiff sued Defendant Zipmark and its CEO, Jay
8  Bhattacharya, a "resid[ent] of the State of New York."  Compl.
9  ¶ 4.  Plaintiff asserts claims for (1) breach of contract,
10 (2) patent infringement, and (3) "[i]njunctive [r]elief" (Doc.
11 #1).  Defendants move to dismiss all causes of action against
12 Defendant Bhuttacharya and the first two causes of action against
13 Defendant Zipmark (Doc. #6).  Plaintiff opposes the motion as to
14 Defendant Zipmark (Doc. #7).
15                        II.   OPINION
16     A.   Discussion
17          1.   Personal Jurisdiction
18       Defendants first move to dismiss all claims against
19 Defendant Bhattacharya for lack of personal jurisdiction on the
20 basis that the complaint lacks allegations of Bhattacharya's
21 contacts with California.  Mot. at 2.  Plaintiff points the
22 Court to no relevant allegations and does not oppose dismissal,
23 Opp. at 1, so Defendant's motion is GRANTED.  The remaining
24 portions of Defendants' motion related to Defendant
25 Bhattacharya, including improper venue and sufficiency of the
26 patent claim are moot.
27          2.   Sufficiency of Patent Infringement Allegations
28       As to Defendant Zipmark, Defendants assert that Plaintiff's

1  patent infringement claim is insufficient because the complaint
2  does not fully "identify or explain" the "technology" that it
3  allegedly infringed.  Mot. at 11.  Plaintiff points the Court to
4  paragraph 15 of the complaint as an adequate description.  Opp.
5  at 10.

6       As an initial matter, Defendants object to Plaintiff's
7  reliance on the declaration of Ed Starrs that Plaintiff
8  submitted in support of its opposition.  Reply at 2.  On this
9  12(b)(6) motion, the Court cannot consider non-judicially
10 noticed facts outside of the pleadings.  See Schneider v. Cal.
11 Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  The
12 Court therefore does not consider the declaration.

13      To plead a patent claim, a complaint must describe the
14 allegedly infringing product with "at least as much detail as
15 [Federal Rule of Civil Procedure] Form 18."  Unilin Beheer B.V.
16 v. Tropical Flooring, 2014 WL 2795360, at *3 (C.D. Cal. June 13,
17 2014) (citation omitted).  Form 18 provides "electric motor" as
18 an example of an adequate product description.  Defendants'
19 reply argues that Bell Atlantic Corp. v. Twombly, 550 U.S. 544
20 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), superseded
21 Form 18.  Reply at 2.  The Court does not reach the issue of
22 whether and when each standard applies, because Plaintiff's
23 complaint is adequate under either standard.  See K-Tech
24 Telecommum., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277,
25 1283-84 (Fed. Cir. 2013) (stating that Form 18 controls in the
26 case of a conflict between the Form and Twombly/Iqbal, but "we
27 should [not] seek to create conflict where none exists").

28      The complaint here identifies the infringing product as

1  "technology [that] makes an electronic image of the payor's
2  check, and processes it with the Federal Reserve Banking
3  System." Compl. ¶ 15. This description is even more detailed
4  than that required by Form 18 and many of the cases interpreting
5  it. See, e.g., Largan Precision Co., Ltd. v. Genius Elec.
6  Optical Co., Ltd., 2013 WL 5934698, at *2-*3 (N.D. Cal. Nov. 4,
7  2013) (concluding that "an imaging lens" adequately puts
8  defendant on notice of alleged infringing product); Applera
9  Corp. v. Thermo Electron Corp., 2005 WL 524589, at *1 (D. Del.
10 Feb. 5, 2005) (finding "mass spectrometer systems" sufficiently
11 detailed). See also Unilin Beheer B.V., 2014 WL 2795360, at *3
12 ("[C]omplaints frequently survive a motion to dismiss where they
13 accuse a general category of products.") (citations and
14 quotation marks omitted). The Court finds that Defendants'
15 description of paragraph 15 as vague is without merit. See Mot.
16 at 11:7-10; Reply at 3:12-16.

17     Paragraph 15 is also sufficient under the Twombly/Iqbal
18 pleading standard. Alleging that Defendants used "technology
19 [that] makes an electronic image of the payor's check, and
20 processes it with the Federal Reserve Banking System" is
21 "neither 'bald' nor 'conclusory.'" See Starr v. Baca, 652 F.3d
22 1202, 1216 (9th Cir. 2011) (citation omitted). This allegation
23 provides at least plausible facts that give Defendants notice of
24 the technology they allegedly used without authorization. See
25 id. at 1212.

26     Because Plaintiff has adequately identified the technology
27 at issue, the Court DENIES Defendants' motion to dismiss
28 Plaintiff's patent infringement claim as to Defendant Zipmark.

4

### 3. Sufficiency of Contract Allegations

Defendants argue that Plaintiff did not plead a valid contract on which to base its breach of contract claim. Mot. at 12-13. Plaintiff cites no law in response, but points to the "MyECheck Services Agreement" and the "Amendment to Services Agreement" ("Amendment") attached to the complaint. Opp. at 11. As Defendants note, the complaint itself misidentifies these documents in certain places. See Compl. ¶¶ 39, 42.

Defendants first appear to question the authenticity of the Service Agreement and Amendment. See Mot. at 13:6-13 (referring to "[t]he alleged 'true and correct' copy of the Services Agreement"; noting that Exhibit 1 is "unexecuted"; stating that Exhibit 3 "was never actually 'executed by the parties' [and] does [not] contain an effective date"). These documents — as "exhibit[s] to a pleading" — are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court must therefore take the facts contained in these document as true — just as it does with all other facts in the pleadings. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). The Court therefore may not entertain Defendant's factual dispute as to whether the documents are an accurate reflection of the parties' agreement.

Defendants next suggest that the documents "contradict" or are otherwise "inconsistent with" the complaint. See Mot. at 13; Reply at 4-5. To support this position, Defendants point out that the alleged Services Agreement does not mention the "'second' license fee." Reply at 4:21. But the fees are laid out in the Amendment. See Compl. Exh. 3 ¶ 1(e). These fees

1  match — rather than contradict — the allegations in the
2  complaint.  See Compl. ¶ 31.  Defendants also argue that the
3  fact that the Amendment contains no signatures makes it
4  inconsistent with the complaint.  See Mot. at 13; Reply at 4-5.
5  But providing an unsigned copy of the agreement does not
6  preclude the existence of a signed copy or of an otherwise valid
7  agreement.  Finally, Defendants draw the Court's attention to
8  the fact that the documents do not "mention the '913 Patent."
9  Mot. at 13:8.  But Defendants do not cite any case holding that
10 a licensing contract is only valid if it cites the relevant
11 patent.
12     The Court therefore rejects Defendants' arguments and holds
13 that the allegations — when taken in the light most favorable to
14 Plaintiff — establish the existence of a valid contract.
15 Defendants' motion to dismiss the contract claim against
16 Defendant Zipmark is DENIED.
17                          III.   ORDER
18     The Court GRANTS Defendants' motion to dismiss all claims
19 against Defendant Bhattacharya due to lack of personal
20 jurisdiction and DENIES the motion to dismiss the patent and
21 contract claims against Defendant Zipmark.
22     IT IS SO ORDERED.
23 Dated: March 16, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE